Mr. Justice Clayton
delivered the opinion of the court.
The only legal question in this case, is, whether a certificate of a discharge in bankruptcy, by the clerk of the district court of the United States for the eastern district of Louisiana, under the seal of the court, was admissible in evidence, without an authentication of the clerk’s certificate by the judge.
The judgment of a court of the United States is not in terms embraced in the act of congress, regulating the mode of authentication of judgments of the several state courts. H. & H. 791. The several states are each sovereign and independent, and their relations are those of foreign states in close friendship, in regard to all matters not surrendered to the general government. 1 Greenl. Ev. 565. But for the act of congress, the judgments of each state would be regarded as foreign judgments in every other.
The judgments of the courts of the United States, must be construed to be embraced in this act, or must be esteemed as foreign judgments, when offered as evidence in the court of a state, other than that in which they were rendered. In either case, an authentication of the clerk’s certificate is necessary. 1 Greenl. Ev. 585. Thq only ground upon which any other construction could rest, is the assumed consolidation of all the states, in reference to the judicial system of the general government. This was not contemplated by the constitution.
The court did not err in rejecting this certificate. The affidavit for a new trial shows no sort of diligence to guard against the alleged surprise. Every one is chargeable with a knowledge of the law; the ignorance of the plaintiff in error, is the only ground on which the new trial is claimed. To recognize the validity of such claim, would introduce an unwarranted indulgence.
Judgment affirmed.